1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

TONY HONG, an individual,

        Plaintiff,

   v.

RECREATIONAL EQUIPMENT, INC., a
Washington corporation, SAMUEL KRIEG,
an individual, d/b/a KRIEG CLIMBING
CYCLING, KRIEG USA, and DOES 1-10,
inclusive,

        Defendants.

Case No. 19-951

**COMPLAINT FOR:**

1) **COPYRIGHT INFRINGEMENT
(17 U.S.C. § 501);**
2) **FALSIFICATION OF
COPYRIGHT MANAGEMENT
INFORMATION (17 U.S.C. §
1202(a));**
3) **REMOVAL OF COPYRIGHT
MANAGEMENT INFORMATION
(17 U.S.C. § 1202(b))**

**JURY DEMAND**

Tony Hong ("Plaintiff" or "Hong"), by and through his undersigned attorneys , alleges as follows for his Complaint against Recreational Equipment, Inc. ("REI"), Samuel Krieg, doing business as Krieg Climbing Cycling and Krieg USA ("Krieg"), and Does 1-10 (collectively "Defendants"):

**PARTIES**

1.    Tony Hong is a resident of Los Angeles, California.

2.    Plaintiff is informed and believes and, upon such, alleges that REI is a Washington corporation with a principal place of business in Kent, Washington and is actively and regularly doing business in the State of Washington and in this Judicial District with, among other things, numerous retail locations.

COMPLAINT - 1

**GOLDFARB & HUCK
ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

3.      Plaintiff is informed and believes and, upon such, alleges that Samuel Krieg is an individual residing in Pocatello, Idaho and doing business as Krieg Climbing Cycling and Krieg USA and is selling his products through, among other places, REI retail locations in the State of Washington and this Judicial District.

4.      DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## JURISDICTION AND VENUE

5.      This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. and acts of falsification and removal of copyright management information in violation of 17 U.S.C. §1202.  This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

6.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of Washington, including but not limited to REI having its principle place of business in Kent, Washington, the sale of infringing products in the State of Washington and Krieg's entering into a contractual relationship with REI to distribute the infringing products.

COMPLAINT - 2

**STATEMENT OF FACTS**

*Plaintiff and the Work Forming the Subject Matter of This Dispute*

7.      Tony Hong is a prominent artist whose work has been featured in permanent public installations, commercial projects, and solo showings.  His work has been published in numerous media outlets, including the Huffington Post, Professional Artist Magazine, and Christie's Auction Catalog, among many others, and his commercial clients include Apple, AT&T, Target, and Verizon.

8.      Hong created "Tree Rings," an illustration depicting fanciful inner-tree rings of a tree trunk.  Tree Rings has been selectively licensed to restaurants and displayed on public billboards and murals.  The work has been timely registered with the United States Copyright Office.  A copy of the registration is attached as Exhibit A.

*Defendants and Their Unlawful Activities*

9.      On information and belief, Defendant REI is a sporting goods and outdoor gear retail chain which was founded in 1938 and has over 154 retail locations.  It grossed about $2.38 billion in 2015.  Aside from retail, REI sells products through its online website and through a print catalog, which on information and belief is distributed throughout the United States.

10.     On information and belief, Defendant Krieg started doing business as Krieg USA in 1998.  Krieg creates specialty climbing bags and saddlebags for bikes seats which merge function and style.  Krieg touts that its products include "endless colors and patterns that are as unique and vibrant as your passion or next dream project."  Defendant Krieg sells its bags direct and also through retailers, including REI.

11.     Currently, Krieg's website features 80 climbing bags with similar structural features.  The distinguishing feature on these bags is the design affixed to the body of the bag.  At least two different editions of the bags sold by Krieg have affixed a version of "Tree Rings" as the featured design (referred to herein as the "Infringing Bags"), without consent or license.  Attached as Exhibit B is a true and correct copy of screenshots of the Infringing Bags as shown on the Krieg

COMPLAINT - 3

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

website.  The first of the Infringing Bags—known as the "Krieg Tree Rings Green Chalk Bag"—features a reproduction of "Tree Rings" on the entire outer canvas of the bag.  The second of the Infringing Bags—known as the "Krieg Special K Chalk Bag – Bigfoot"—features a reproduction of "Tree Rings" filling in the silhouette of a bigfoot-like creature repeated on the entire outer canvas of the bag.

12.     Upon information and belief, Krieg entered into an agreement with REI to sell the Infringing Bags through and/or to REI.  REI has further distributed and sold the Infringing Bags and has further reproduced, distributed, publicly displayed, and created derivative works of Tree Rings through posting photos of the Infringing Bags on its website.  Attached as Exhibit C is a true and correct copy of screenshots of the Infringing Bags as shown on the REI website.

13.     Defendants used Hong's Tree Rings to drive interest to their products and increase sales.  Thus, Defendants acted with the purpose and goal of financial gain, despite being sophisticated designers and retailers, with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

14.     Plaintiff incorporates here by reference the allegations in paragraphs 1 through 13 above.

15.     Plaintiff is the rightsholder to the copyrights to "Tree Rings," which consists of wholly original material that constitutes copyrightable subject matter under the laws of the United States.  Plaintiff has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights, including timely registering Hong's "Tree Rings" with the United States Copyright Office, Registration Number VA 002-022-677.

16.     Defendants have directly, vicariously and/or contributorily infringed, and

COMPLAINT - 4

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

unless enjoined, will continue to infringe Hong's copyrights, by reproducing, displaying, distributing and utilizing the Copyrighted Works for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

17.    Defendants have willfully infringed "Tree Rings" by knowingly reproducing, displaying, distributing, creating derivative works thereof and utilizing it for purposes of trade.

18.    Defendants' acts of infringement are willful because, *inter alia*, Defendants are sophisticated designers and distributors of sporting goods with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation, Defendants vigorously patrol and enforce their own intellectual property rights, and Defendants commercially exploited "Tree Rings" with knowledge of, or reckless indifference to, its copyright status and the need for a proper license for making such exploitation and proceeded anyway with obtaining appropriate clearance thereof.

19.    On information and belief, Defendants, despite such knowledge, willfully reproduced, distributed, publicly displayed, and created derivative works of "Tree Rings." Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of Tree Rings for purposes of trade, including by increased climbing bag sales without incurring design costs.

20.    As a result of the acts of Defendants alleged herein, Hong has suffered substantial damage to his business in the form of injury to goodwill and reputation, and the dilution of the value of his rights, all of which are not yet fully ascertainable.  Accordingly, Hong seeks a declaration that Defendants have infringed Hong's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Hong's copyrights.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### SECOND CLAIM FOR RELIEF
### (Falsification of Copyright Management Information,
### 17 U.S.C. § 1202(a) *et seq.*, against Defendants)

21.     Plaintiff incorporates here by reference the allegations in paragraphs 1 through 20 above.

22.     The name of, and other identifying information about, the author of a work and the copyright owner of the work constitutes "copyright management information" ("CMI") as defined under 17 U.S.C. § 1202(c)(2) & (3).

23.     Hong's Tree Rings is published with the name of the work, as well as Hong's authorship and ownership credit.  In conjunction with Defendants' creation of an unauthorized derivative version of "Tree Rings," and its distribution and public display, Defendants falsified CMI, including the title, the authorship information and the ownership information, by making it appear as though Defendants were the true author and owner of "Tree Rings."

24.     As such, Hong is informed and believes and on that basis alleges that Defendants, without the knowledge or authority of Hong or the law, and with the intent to induce, enable, facilitate and/or conceal infringement of Hong's copyright or, having reasonable grounds to know that it would induce, enable, facilitate and/or conceal infringement of Hong's copyright, intentionally falsified and/or caused or induced others to falsify copyright management information from Hong's "Tree Rings," and/or distributed or imported Hong's "Tree Rings" and/or caused or induced others to distribute or import Hong's "Tree Rings" with knowledge of the falsification of Hong's copyright management information, and/or distributed or imported for distribution "Tree Rings" with knowledge of the falsification of copyright management information in violation of 17 U.S.C. § 1202(a)(1)-(3).

25.     Defendants' falsification of copyright management information for "Tree Rings" and subsequent distribution and public display of "Tree Rings" was and continues to be willful and

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

intentional, and was and is executed with full knowledge of Hong's rights under copyright law, and in disregard of Hong's rights.

26. Hong is entitled to recover his actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Hong's election, statutory damages, pursuant to 17 U.S.C. § 1203(c), of up to $25,000 per act of falsification.

27. Hong is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

28. Defendants' violation of 17 U.S.C. § 1202(a) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Hong not fully compensable in monetary damages.  Pursuant to 17 U.S.C. § 1203(b), Hong is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

### THIRD CLAIM FOR RELIEF
### (Removal of Copyright Management Information, 17 U.S.C. § 1202(b) *et seq.*, against Defendants)

29. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 28 above.

30. The name of, and other identifying information about, the author of a work and the copyright owner of the work constitutes "copyright management information" as defined under 17 U.S.C. § 1202(c)(2) & (3).

31. By removing such CMI from its unauthorized version of "Tree Rings," such as the Infringing Bags, Defendants knowingly mislead people as to the author and owner of Tree Rings and has attempted to cover up their own infringement.

32. As such, Hong is informed and believes and on that basis alleges that Defendants, without the knowledge or authority of Hong or the law, and with the intent to induce, enable, facilitate and/or conceal infringement of Hong's copyright or, having reasonable grounds to know that it would induce, enable, facilitate and/or conceal infringement of Hong's copyright,

COMPLAINT - 7

**GOLDFARB & HUCK ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

intentionally removed and/or caused or induced others to remove copyright management information from Hong's "Tree Rings," and/or distributed or imported Hong's "Tree Rings" and/or caused or induced others to distribute or import Hong's "Tree Rings" with knowledge of the removal of Hong's copyright management information, and/or distributed or imported for distribution "Tree Rings" with knowledge of the removal of copyright management information in violation of 17 U.S.C. § 1202(b)(1)-(3).

33.     Defendants' removal and/or alteration of copyright management information for Tree Rings and subsequent distribution and public display of "Tree Rings" was and continues to be willful and intentional, and was and is executed with full knowledge of Hong's rights under copyright law, and in disregard of Hong's rights.

34.     Hong is entitled to recover its actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Hong's election, statutory damages, pursuant to 17 U.S.C. § 1203(c), of up to $25,000 per act of removal.

35.     Hong's is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

36.     Defendants' violation of 17 U.S.C. § 1202(b) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Hong not fully compensable in monetary damages.  Pursuant to 17 U.S.C. § 1203(b), Hong is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.     That the Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials,

**GOLDFARB & HUCK ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any image or design which infringe, contributorily infringe, or vicariously infringe upon Hong's "Tree Rings";

2.     For the entry of a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Hong's "Tree Rings" copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any materials which infringe, contributorily infringe, or vicariously infringe upon Hong's "Tree Rings" as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like.

3.     For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and to reimburse Hong for all damages suffered by Plaintiffs by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 1203(c)(1)(A) & (c)(2).

4.     For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 1203(c)(1)(A) & (c)(2).

5.     For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c), 1203(c)(1)(B) & (c)(3)(B).

6.     For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 505, 1203(b)(4).

7.     For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. §§ 505, 1203(b)(5).

8.     For any such other and further relief as the Court may deem just and appropriate.

COMPLAINT - 9

**GOLDFARB & HUCK
ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1   RESPECTFULLY SUBMITTED this 18th day of June, 2019.

2

3                                   **GOLDFARB & HUCK ROTH RIOJAS, PLLC**

4                                   */s/ Christopher M. Huck*
                                    Christopher M. Huck, WSBA No. 34104

5                                   */s/ R. Omar Riojas*
                                    R. Omar Riojas, WSBA No. 35400

6

7                                   925 Fourth Avenue, Suite 3950
                                    Seattle, WA 98104

8                                   Telephone:    (206) 452-0260
                                    Facsimile:    (206) 397-3062
                                    E-mail:       huck@goldfarb-huck.com

9                                                 riojas@goldfarb-huck.com

10                                  **ONE LLP**

11                                  */s/ Joanna Ardalan*
                                    Joanna Ardalan (*pro hac application to be filed*)

12

13                                  4000 MacArthur Blvd., East Tower, Suite 500
                                    Newport Beach, CA 92660

14                                  Telephone:    (949) 502-2870
                                    Facsimile:    (949) 258-5081
                                    E-mail:       jardalan@onellp.com

15                                                jtehranian@onellp.com

16                                  *Attorneys for Plaintiff,*
                                    *Tony Hong*

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 10

1

## DEMAND FOR JURY TRIAL

2

Plaintiff Hong hereby demands trial by jury of all issues so triable under the law.

3

4

RESPECTFULLY SUBMITTED this 18th day of June, 2019.

5

**GOLDFARB & HUCK ROTH RIOJAS, PLLC**

6

*/s/ Christopher M. Huck*

7

Christopher M. Huck, WSBA No. 34104

8

*/s/ R. Omar Riojas*

R. Omar Riojas, WSBA No. 35400

9

925 Fourth Avenue, Suite 3950

10

Seattle, WA 98104
Telephone:     (206) 452-0260

11

Facsimile:     (206) 397-3062
E-mail:        huck@goldfarb-huck.com

12

riojas@goldfarb-huck.com

13

**ONE LLP**

14

*/s/ Joanna Ardalan*

Joanna Ardalan (*pro hac application to be filed*)

15

4000 MacArthur Blvd., East Tower, Suite 500

16

Newport Beach, CA 92660
Telephone:     (949) 502-2870

17

Facsimile:     (949) 258-5081
E-mail:        jardalan@onellp.com

jtehranian@onellp.com

18

*Attorneys for Plaintiff,*

19

*Tony Hong*

20

21

22

23

24

25

26

COMPLAINT - 11