UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY HONG,<br><br>      Plaintiff,<br>v.<br><br>RECREATIONAL EQUIPMENT, INC., et al.,<br><br>      Defendants. | CASE NO. 19-0951JLR<br><br>ORDER GRANTING MOTION TO TRANSFER VENUE |

## I. INTRODUCTION

Before the court is Recreational Equipment, Inc. ("REI") and Samuel Krieg's (collectively, "Defendants") motion to dismiss Plaintiff Tony Hong's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to transfer this action to the District of Idaho. (Mot. (Dkt. # 8).) The court has considered Defendants' motion, the parties' submissions related to the motion, the relevant portions of the record, and the

//

ORDER - 1

applicable law. Considering itself fully advised,[1] the court GRANTS in part and DECLINES in part to rule on Defendants' motion. Specifically, the court GRANTS Defendants' motion to transfer venue to the District of Idaho pursuant to 28 U.S.C. § 1404(a), and DECLINES to rule on Defendants' motion to dismiss in deference to the transferee court.

## II. BACKGROUND

This is a copyright infringement case. (*See generally* Compl. (Dkt. # 1).) In his complaint, Mr. Hong alleges that Defendants violated certain provisions of the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* (*See* Compl. ¶ 5.) Mr. Hong seeks both damages and injunctive relief. (*Id.* at 34-36.)

The parties' dispute concerns two types of rock climbing chalk bags sold by Defendants. Mr. Hong asserts that the outer canvases of both chalk bags feature reproductions of an illustration entitled "Tree Rings." (*Id.* ¶ 11.) Mr. Hong created "Tree Rings" and registered the two-dimensional artwork with the United States Copyright Office. (*Id.* ¶ 8, Ex. A at 2.) Mr. Hong claims that "Tree Rings" consists of "wholly original material that constitutes copyrightable subject matter." (*Id.* ¶ 15.) Mr. Hong further claims that Defendants infringed upon his copyright by affixing versions of "Tree Rings" on the outside canvases of the chalk bags without his consent or license. (*Id.* ¶¶ 11-16.)

---

[1] No party requests oral argument (*see generally* Mot.; Resp. (Dkt. # 12)), and the court does not consider oral argument necessary to its disposition of this motion, see Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

Mr. Krieg created both chalk bags at issue in this case. (*See* Krieg Decl. (Dkt. # 8-1) ¶ 4.) Mr. Krieg does business as "Krieg Climbing," which operates as Krieg LLC. (*Id.* ¶ 1.) Mr. Krieg sews, creates, and sells chalk bags for rock climbing. (*Id.* ¶ 3.) In July 2015, Mr. Krieg created two bags, which allegedly displayed tree-ring-inspired designs, known as the "Krieg Tree Rings Green Chalk Bag" and the "Krieg Special K Chalk Bag - Bigfoot." (*See id.* ¶ 4; Compl. ¶ 11.) Mr. Krieg allegedly sold the two bags directly via the Krieg Climbing website. (Compl. ¶ 11, Ex. B at 2-7.) Additionally, REI served as a retailer through which Krieg LLC featured and sold its climbing chalk bags, including the chalk bags at issue. (*Id.* ¶ 10-12, Ex. C at 2-6.)

Before filing the instant action in Washington, Mr. Hong filed a similar suit alleging copyright causes of action against Mr. Krieg and REI in the Central District of California. (*See* Krieg Decl. ¶ 2; Ardalan Decl. (Dkt. # 13) ¶ 3.) The California court granted Defendants' motions to dismiss for lack of personal jurisdiction. *Hong v. Recreational Equip., Inc.*, No. C18-08519DDP, 2019 WL 2124529, at *4 (C.D. Cal. May 15, 2019).

Mr. Hong is a resident of Los Angeles, California. (Compl. ¶ 1.) Mr. Krieg is a resident of Pocatello, Idaho. (Krieg Decl. ¶ 3.) REI is a Washington corporation (Ardalan Decl. ¶ 2, Ex. A at 2-3) with its principal place of business in Kent, Washington (Compl. ¶ 2).

### III.   ANALYSIS

On August 9, 2019, Defendants moved to dismiss and to transfer venue to the District of Idaho. (*See* Mot.) Defendants argue that "for reasons of convenience to the

parties and witnesses under 28 U.S.C. § 1404(a), this [c]ourt should exercise its discretion in favor of transferring . . . this action . . . to the District of Idaho." (*Id.* at 6.) Defendants further argue that such transfer is warranted "in order to reduce litigation costs and relieve the burden on [Mr.] Krieg." (*Id.* at 8.) As discussed below, because the court concludes that it should grant Defendants' motion to transfer, it declines to rule on Defendants' motion to dismiss in deference to the transferee court.

**A. Legal Standard**

A party may move to transfer venue pursuant to 28 U.S.C. § 1404(a) if transfer would serve "the convenience of the parties and witnesses" and "the interest of justice." *See* 28 U.S.C. § 1404(a). As a threshold matter, the moving party must first show that the transferee court possesses subject matter jurisdiction over the action, venue would have been proper in the transferee court, and the parties would be subject to personal jurisdiction in the transferee court. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *A. J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 386-88 (9th Cir. 1974).

Once the threshold questions are resolved, the court considers whether the convenience of the parties and witnesses and the interest of justice favor transfer. *See* 28 U.S.C. § 1404(a). In a "typical case not involving a forum selection clause, a district court . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). The Ninth Circuit Court of Appeals instructs district courts to apply a nine-factor balancing test to determine whether to transfer a case under Section

1404(a). *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The balancing test weighs: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, . . . (8) the ease of access to sources of proof," and (9) the public policy considerations of the forum state. *See id.* at 498-499.

Defendants bear the burden of showing that transfer is appropriate. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981); *Organo Gold Int'l, Inc. v. Aussie Rules Marine Services, Ltd.*, No. C18-0108JLR, 2018 WL 2359132, at *3 (W.D. Wash. May 24, 2018). The decision to transfer, however, is ultimately left to the district court's discretion based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

**B. Discussion**

1. <u>Threshold Requirements for Transfer of Venue</u>

Neither party addresses whether the threshold requirements are met. (*See generally* Mot.; Resp.) The facts in the record indicate that the threshold requirements are satisfied for the purposes of a transfer to the District of Idaho. First, the District of Idaho has subject matter jurisdiction because Mr. Hong pleads exclusively federal claims. *See* 28 U.S.C. § 1331; (Compl. ¶¶ 14-36). Second, because Mr. Hong alleges that Mr.

Krieg's chalk bags infringe his copyright and those bags were created and designed in Idaho, venue is proper in the District of Idaho. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim[s] occurred . . . .")

Finally, Defendants are subject to personal jurisdiction in Idaho.[2] The due process clause grants the court jurisdiction over defendants who have "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction can be based on either general jurisdiction or specific jurisdiction. *See Delphix Corp. v. Embarcadero Tech., Inc.*, 749 F. App'x 502, 505 (9th Cir. 2018). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Accordingly, as a resident of Idaho, Mr. Krieg is subject to general personal jurisdiction in his home state.

Although REI is also subject to personal jurisdiction in Idaho, the analysis is more complex. "The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015). Because REI is incorporated in

---

[2] The transferee court need not have personal jurisdiction over Plaintiff in order for transfer to be granted under 28 U.S.C. § 1404(a) because the requirement of personal jurisdiction "does not protect the right of a plaintiff to bring suit in a forum that is convenient for him." *See Morrow v. Vertical Doors Inc.*, No. C09-0256-PHX-DGC, 2009 WL 1698560, at *2 (D. Ariz. June 17, 2009) (collecting cases) (concluding that a transferee forum did not need to have personal jurisdiction over the plaintiff for transfer pursuant to 28 U.S.C. § 1404(a)).

ORDER - 6

Washington (*see* Ardalan Decl. ¶ 2, Ex. A. at 2-3) and has its principal place of business in Washington (*see* Compl. ¶ 2), REI is likely not subject to general personal jurisdiction in Idaho. Accordingly, the court must evaluate specific personal jurisdiction for REI.

The Ninth Circuit Court of Appeals applies a three-part test to determine whether the exercise of specific personal jurisdiction over a nonresident is appropriate: (1) the defendant has either purposefully directed his activities toward the forum or purposefully availed himself of the privileges of conducting activities in the forum; (2) the claims arise out of the defendant's forum-related activities; and (3) exercise of jurisdiction is reasonable. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017).

REI's physical retail presence in Idaho and contractual relationship with Krieg LLC satisfy the first prong of the specific jurisdiction test. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) ("A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions, such as executing or performing a contract there"). REI maintains a physical presence in Idaho through its retail store. Additionally, REI entered into a wholesale transaction agreement with Krieg LLC to serve as a retailer of various rock climbing chalk bags that Mr. Krieg designed and created in Idaho. (*See* Krieg Reply Decl. ¶ 2 (Dkt. # 15).) Thus, REI's activities constitute purposeful availment of the privilege of conducting business in Idaho.

Secondly, Mr. Hong's claims arise out of REI's Idaho contacts described above. Indeed, Mr. Hong would not have claims against REI but for the fact that REI agreed to

serve as a retailer for Mr. Krieg's allegedly infringing chalk bags. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995) ("[The Ninth Circuit] rel[ies] on a 'but for' test to determine whether a particular claim arises out of forum-related activities.").

Finally, the exercise of personal jurisdiction would not be unreasonable under the circumstances of this case. This is particularly so because REI joins in the motion to transfer. Therefore, the court concludes that REI is subject to personal specific jurisdiction in the District of Idaho.

2. The *Jones* Factors

The court now analyzes each of the *Jones* factors in turn to determine whether transfer is appropriate in this case.

 *a. Location Where the Relevant Agreements Were Negotiated and Executed*

The first *Jones* factor favors venue in the location where the parties negotiated and executed the agreement. *See Jones*, 211 F.3d at 498. Without citing to any evidence, Mr. Hong argues that the relevant licensing agreements purporting to give REI the right to use the illustrations of Mr. Krieg's chalk bags were likely negotiated and executed in Washington. (*See* Resp. at 18.) However, Defendants insist that "Krieg LLC never executed any contracts in Washington . . . ." (Reply (Dkt. # 14) at 3.) Indeed, Mr. Krieg testifies he never traveled to Washington to execute or negotiate an agreement with REI. (Krieg Reply Decl. ¶ 2.) Further, Mr. Krieg describes his contractual relationship with REI as "a wholesale transaction that occurred through an online portal based in Idaho." (*Id.*) Based on this evidence, the court finds that any relevant agreement would have been negotiated and executed in both Idaho and Washington. This factor is neutral

"when parties negotiate and execute a contract in multiple locations." *Ahead, LLC v. KASC, Inc.*, No. C13-0187JLR, 2013 WL 1747765, at *9 (W.D. Wash. Apr. 23, 2013). Thus, the court concludes this factor is neutral because, on the evidence before the court, the agreement was likely negotiated and executed in multiple locations.

  *b. State Most Familiar with the Governing Law*

  The second *Jones* factor favors venue in the state most familiar with the governing law. *See Jones*, 211 F.3d at 498. In his complaint, Mr. Hong alleges copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, and falsification and removal of copyright management information in violation of 17 U.S.C. § 1202. (*See* Compl. ¶ 5.) The Idaho and Washington district courts are equally capable of applying federal law. *See, e.g., Inlandboatmen's Union of the Pac. v. Foss Mar. Co.*, No. C14-1403JLR, 2015 WL 64933, at *3 (W.D. Wash. Jan. 5, 2015) (finding that the Hawaii and Washington federal district courts were equally capable of applying federal law to the plaintiff's suit filed under the Labor Management Relations Act). Moreover, state law is not applicable to any of the claims presented. (*See generally* Compl.) Accordingly, both this court and the transferee court are equally equipped to handle the federal law claims in this case. Thus, the court concludes this factor is neutral.

  *c. Plaintiff's Choice of Forum*

  The third *Jones* factor favors the plaintiff's choice of forum. *See Jones*, 211 F.3d at 498. Generally, the plaintiff's choice of forum receives substantial deference and the defendant must "make a strong showing of inconvenience" to upset that choice. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The

plaintiff's forum selection, however, is not dispositive. *See Pedigo Prod., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. C12-05502-BHS, 2013 WL 364814, at *3 (W.D. Wash. Jan. 30, 2013) ("[B]ecause application of § 1404 results in transfer, not dismissal as in *forum non conveniens*, a lesser showing of inconvenience is required to upset plaintiff's choice of forum"). Indeed, although "[t]his factor is generally given significant weight when the plaintiff resides in the chosen forum," *T-Mobile USA, Inc. v. Selective Ins. Co. of Am.*, No. C15-1739JLR, 2016 WL 1464468, at *4 (W.D. Wash. Apr. 14, 2016) (quoting *Nordquist v. Blackham*, No. C06-5433FDB, 2006 WL 259731, at *3 (W.D. Wash. Sept. 11, 2006)), "deference is diminished when a plaintiff does not reside in the forum or operative events occurred elsewhere," *Wise v. Techtronic Indus. Co., Ltd.*, No. C10-471MJP, 2010 WL 11553269, at *1 (W.D. Wash. Nov. 3, 2010) (finding this factor weighed only slightly in the plaintiff's favor because he resided in California, not his chosen forum of Washington).

Mr. Hong argues that "[i]t makes no sense to bend over backwards to defer to Mr. Krieg's preferred venue of Idaho when plaintiffs, not defendants, are entitled to significant deference on their selection of forum . . . ." (Resp. at 19.) However, since Mr. Hong resides in California (*see* Compl. ¶ 1), his forum preference for Washington is entitled to less deference. Additionally, although REI is a Washington corporation (*see* Ardalan Decl. ¶ 2, Ex. A at 2-3), many of the operative events, including the creation of the allegedly infringing chalk bags, occurred in Idaho (*see* Krieg Decl. ¶ 4; Krieg Reply Decl. ¶ 2). The court finds the limited connection between Washington and Mr. Hong's

//

claims also reduces the deference it grants to his forum selection. Therefore, the court concludes that this factor weighs only marginally against transfer.

   *d. Parties' Contacts with the Forum*

The fourth *Jones* factor focuses on the respective parties' contacts with the forum. *Organo Gold Int'l, Inc.*, 2018 WL 2359132, at *4. Defendants argue that this factor favors transfer because Mr. Krieg has "no significant connection to Washington in general, or this District in particular." (Mot. at 6.) Mr. Krieg lives and creates chalk bags in Idaho. (Krieg Decl. ¶ 3.) Defendants further argue that Mr. Hong also has no significant connection to Washington given that he is a resident of California. (Mot. at 6.) In contrast, Mr. Hong argues that Defendants fail to acknowledge REI's contacts with Washington—specifically, that REI exists under the laws of Washington and has its principal place of business here. (*See* Resp. at 17.)

However, considering contacts beyond Defendants' citizenship, the parties have more contacts with Idaho than they do with Washington. Although not a citizen of Idaho, REI operates a retail store there and contracted with Mr. Krieg, an Idaho resident. On the other hand, Mr. Krieg does not have reciprocal contacts with Washington beyond his connection with REI through the contract. Mr. Krieg testifies that he has "never done primary business in [Washington], with the exception that a small percentage of [his] products may have been purchased by customers who live in . . . Washington." (Krieg Decl. ¶ 3.) Thus, the court concludes that this factor weighs in favor of transfer because Defendants have more contacts with Idaho than they have with Washington, and Mr. Hong has contacts with neither forum.

*e. Contacts Related to the Plaintiff's Cause of Action in the Chosen Forum*

The fifth *Jones* factor concerns the contacts between Mr. Hong's claims against Defendants and the chosen forum. *See Organo Gold Int'l, Inc.*, 2018 WL 2359132, at *5; *Jones*, 211 F.3d at 498. In addition to the contacts detailed above, Defendants contend that they have more case-related contacts in Idaho than Washington because REI served as merely "a 'go-between' retailer connecting [Mr.] Krieg to his customers." (Mot. at 7.) Further, REI sold few of Mr. Krieg's products at retail in Washington. (*See id.*) Defendants also argue that Mr. Krieg never traveled to Washington to execute any contracts or conduct any business. (Krieg Reply Decl. ¶ 2.) Instead, "[a]ll business that occurred between Krieg LLC and REI consisted of a wholesale transaction that occurred through an online portal based in Idaho." (*Id.*) Moreover, Mr. Krieg created the chalk bags at issue in Idaho. (Krieg Decl. ¶ 4.) "REI had no involvement in any stage of the design or production of the allegedly infringing chalk bags." (Krieg Reply Decl. ¶ 2.)

The court finds that the parties' contacts with Idaho have greater significance to Mr. Hong's cause of action for copyright infringement than the parties' contacts with Washington. Although REI is headquartered in Washington and Defendants allegedly sold chalk bags to customers located in Washington, the majority of the parties' case-related contacts occurred in Idaho, including the alleged copyright infringement. Accordingly, the court concludes this factor weighs in favor of transfer.

*f. Differences in the Costs of Litigation in the Two Forums*

The sixth *Jones* factor is the differences in the costs of litigation between the two forums. *Jones*, 211 F.3d at 498-99. When considering the difference in cost, courts

avoid transferring venue when such action "would merely shift rather than eliminate" costs and inconvenience. *Decker Coal Co.*, 805 F.2d at 843. The analysis under this factor often focuses on the forum's relative proximity to witnesses. *See, e.g., Stanbury Elec. Eng'g, LLC v. Energy Prod., Inc.*, No. C16-0362JLR, 2016 WL 3255003, at *6 (W.D. Wash. June 13, 2016) (concluding this factor favored transfer Michigan since the majority of key witnesses lived closer in proximity to Michigan than Washington). "Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013).

In the instant case, the number of witnesses located in each forum is disputed by the parties. Defendants argue that Mr. Hong, as a resident of California, will have to travel regardless of whether the action proceeds in Washington or Idaho. (*See* Mot. at 7.) Defendants further argue that Mr. Krieg will have to travel substantially farther to defend in Washington than he would in Idaho. (*See* Mot. at 6-7.) Additionally, Defendants assert that "besides perhaps one Rule 30(b)(6) deposition [in Washington], there is no one at REI who knows anything about the accused infringing products." (Reply at 4.)

Mr. Hong asserts that "[b]ecause REI is a larger entity than Krieg, it will likely have more witnesses with relevant knowledge to this dispute" who would have to travel if transferred to Idaho. (*See* Resp. at 17.) Specifically, Mr. Hong contends that he will seek information from: (1) one or more members of REI's management with knowledge of REI's intellectual property policies; (2) REI's buyer who purchased the chalk bags from Mr. Krieg; and (3) REI's website designer, regarding the identification of the chalk bags.

ORDER - 13

(*Id.*) Thus, the parties make contradictory assertions on the number of witnesses from REI who may be required to travel in the event that this case proceeds in the District of Idaho. However, Mr. Hong identifies only about three such witnesses.

In addition to the relative number of witnesses located near the chosen forum, courts also consider the parties' relative capacity to absorb litigation costs. *See Pedigo Prod., Inc.*, 2013 WL 364814, at *3 ("The disruption of business affairs due to the time and cost of distant litigation is far more severe and detrimental to a small company than it is to a much larger corporation.") (internal quotations and citation omitted). Defendants argue that the burden on Mr. Hong remains similar regardless of whether the action proceeds in Washington or Idaho, however, "[f]or [Mr.] Krieg . . . the burden of having to defend himself in [Washington] . . . is much greater than defending this action in his home District of Idaho." (Mot. at 7.) Indeed, Mr. Krieg asserts that defending in Washington "would be an excessive burden for [him]" and "[t]he cost would far exceed what [he] can realistically afford." (Krieg Decl. ¶ 10.) Conversely, REI is a much larger retail chain with "over 154 retail locations." (*See* Compl. ¶ 9.) As a relatively large corporation, REI is better able to absorb the costs of litigation. *See In re Ferrero Litigation*, 768 F. Supp. 2d 1074, 1081 (S.D. Cal. 2011) (finding that a corporation was better-equipped than individual representatives of the plaintiff class to absorb increased litigation costs). Hence, the court finds that the relative burden on Mr. Krieg neutralizes the weight of the potential witnesses from REI. Given the disparity in resources between Mr. Krieg and REI; the greater negative impact of a Washington forum on Mr. Krieg; the neutral impact on Mr. Hong; and the relative low number of witnesses in Washington,

even crediting Mr. Hong's argument, the court concludes that this factor weighs in favor of transfer.

### g. Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

The seventh *Jones* factor is the availability of the compulsory process to compel attendance of unwilling non-party witnesses. *Jones*, 211 F.3d at 499. For the purposes of a motion to transfer, a court's "subpoena power is only relevant if non-party witnesses within the state will likely refuse to testify." *Organo Gold Int'l, Inc.*, 2018 WL 2359132, at *6 (internal quotations and citation omitted); *see also Silver Valley Partners, LLC v. De Motte*, No. C05-5590RBL, 2006 WL 2711764, at *4 (W.D. Wash. Sept. 21, 2006) (concluding that the fact that none of the witnesses would likely be unwilling to testify eliminated the factor's importance). Here, neither party identifies any witnesses who will likely be unwilling to testify. (*See generally* Mot.; Resp.) Because both parties identify potential witnesses in both Washington and Idaho, but neither identifies any of those witnesses as unwilling to testify, the court concludes this factor is neutral.

### h. Ease of Access to Sources of Proof

The eighth *Jones* factor focuses on the location of witnesses, documentary evidence, and inventory to be inspected, if any. *See Jones*, 211 F.3d at 499; *Jinni Tech Ltd. v. Red.com, Inc.*, No. C17-0217JLR, 2017 WL 4758761, at *12 (W.D. Wash. Oct. 20, 2017). However, "the ability to transfer documents electronically with relative ease and little expense may lessen the importance of this factor with respect to documentary evidence." *Organo Gold Int'l, Inc.*, 2018 WL 2359132, at *6 (internal quotations and

ORDER - 15

citation omitted). Defendants have not identified any relevant documents likely to present issues with respect to ease of access. (*See generally* Mot.; Reply.) Further, as discussed above, witnesses may be required to travel to testify in either forum. Although Mr. Hong identifies approximately three potential witnesses from REI who may be required to travel to Idaho, the disparity in resources between REI and Mr. Krieg and the greater negative impact on Mr. Krieg of a Washington forum serve to neutralize this factor. Given the lack of additional arguments or facts concerning the ease of access to other types of evidence, the court concludes this factor is neutral.

*i. Public Policy Considerations of the Forum State*

Finally, courts analyze the public policy considerations of the forum state. *See Jones*, 211 F.3d at 499. Public policy factors include "the administrative difficulties flowing from court congestion" as well as the state's "interest in having localized controversies decided at home." *Atl. Marine Constr. Co., Inc.*, 571 U.S. at 68 n.6. "Additionally, states have an interest in providing a forum for their injured residents." *Organo Gold Int'l, Inc.*, 2018 WL 2359132, at *6 (internal quotations and citation omitted).

Neither Defendants nor Mr. Hong analyze public policy considerations in the motions submitted to the court. (*See generally* Mot.; Resp.) As discussed above, the events giving rise to Mr. Hong's claims occurred largely in Idaho. Moreover, Mr. Hong is not a resident of Washington. Thus, the court finds that Mr. Hong's claims are not localized controversies, and Washington does not have strong ties to this case.

//

Likewise, administrative concerns do not favor one forum over the other. Given the parties' lack of public policy arguments, the court takes judicial notice of Federal Court Management Statistics,[3] which are published online by the Administrative Office of the United States Courts.[4] These statistics show that the total number of actions per judgeship in the Western District of Washington and the District of Idaho are roughly equal. *See supra* note 4. The number of actions per judgeship in the Western District of Washington is 538, and the number for the District of Idaho is 550. *See id.* Furthermore, the median time from filing to disposition for civil cases is 7.6 months in the Western District of Washington and 9.8 months in the District of Idaho. *See id.* Because the Western District of Washington and the District of Idaho report similar levels of congestion, the court finds that administrative public policy interests neither favor nor disfavor transfer. Accordingly, the court concludes this factor is neutral.

3. Balancing the *Jones* Factors

On balance, the factors weigh in favor of transfer to the District of Idaho. Of the nine factors, five are neutral, *see supra* §§ III.B.2.a, b, g, h, i; one weighs marginally

---

[3] The court may take judicial notice *sua sponte*. *See* Fed. R. Evid. 201(c)(1). Additionally, the court may take judicial notice of information published on government websites. *See Horne v. Nissan N. Am., Inc.*, No. 17-00436-MCE-DB, 2018 WL 746467, at *3 n.2 (E.D. Cal. Feb. 6, 2018) (taking judicial notice of the Federal Court Management Statistics webpage because the "website is run by the United States Government"); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of information on two school districts' websites because they were government entities).

[4] *See* United States District Courts, Table N/A, Combined Civil and Criminal Federal Court Management Statistics (June 30, 2019), https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2019/06/30-3 (last visited Oct. 22, 2019).

against transfer, *see supra* § III.B.2.c; and three weigh in favor of transfer, *see supra* §§ III.B.2.d, e, f. Given the balance of factors weighs in favor of transfer, the court concludes it is appropriate to upset Mr. Hong's choice of forum and transfer this case to the District of Idaho.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DECLINES to rule in part on Defendants' motion (Dkt. # 8). Specifically, the court GRANTS Defendants' motion to transfer venue to the District of Idaho pursuant to 28 U.S.C. § 1404(a), and DECLINES to rule on Defendants' motion to dismiss in deference to the district court in the District of Idaho. Finally, the court DIRECTS the Clerk to transfer this case to the District of Idaho.

Dated this 25th day of October, 2019.

JAMES L. ROBART
United States District Judge